IN RE: J.M.C. & M.A.C.
APPLYING FOR PRIVATE ADOPTION.
No. 2010 CJ 0457.
Court of Appeals of Louisiana, First Circuit.
April 1, 2010.
TODD E. GAUDIN, Dean M. Esposito, Baton Rouge, La., Counsel for Plaintiffs/Appellants, J.M.C. & M.A.C.
ROBERT E. PALMER, Ponchatoula, La., Counsel for Defendant/Appellee, R.L.K.
OTHA "Curtis" NELSON, Jr., Baton Rouge, La., Counsel for Defendant/Appellee, O.M.B.
Before: CARTER, C.J., GUIDRY and PETTIGREW, JJ.

Not Designated for Publication
CARTER, C.J.
Prospective adoptive parents appeal the juvenile court judgment maintaining the biological father's opposition to the voluntary surrender of his son. The biological father has answered the appeal. In accordance with La. Ch. Code art. 1143, we have given this appeal expedited consideration. For the reasons that follow, we affirm.
In the case sub judice, the child, O.M.B., was conceived during a brief sexual relationship between his father, R.L.K., and his mother, A.M.B. O.M.B. was born October 5, 2006. A.M.B. surrendered custody of O.M.B. in June 2008. That same month, the prospective adoptive parents, J.M.C. and M.A.C., filed a motion to approve the voluntary act of surrender.
R.L.K. first learned of A.M.B.'s decision to surrender two-year-old O.M.B. for adoption upon receipt of the notice required under La. Ch. Code art. 1132. In accordance with La. Ch. Code art. 1137, R.L.K. filed an opposition to the voluntary act of surrender.
In opposing the voluntary surrender of a child, a biological father has a three-fold burden. The biological father must establish his parental rights by: (1) acknowledging he is the father of the child; (2) proving he has manifested a substantial commitment to his parental responsibilities; and (3) proving that he is a fit parent of his child. La. Ch. Code art. 1138A.
In order to establish a substantial commitment to parental responsibilities, a biological father must prove,
in accordance with his means and knowledge of the mother's pregnancy or the child's birth, that he either:
(1) Provided financial support, including but not limited to the payment of consistent support to the mother during her pregnancy, contributions to the payment of the medical expenses of pregnancy and birth, or contributions of consistent support of the child after birth; that he frequently and consistently visited the child after birth; and that he is now willing and able to assume legal and physical care of the child.
(2) Was willing to provide such support and to visit the child and that he made reasonable attempts to manifest such a parental commitment, but was thwarted in his efforts by the mother or her agents, and that he is now willing and able to assume legal and physical care of the child.
La. Ch. Code art. 1138B(1)-(2).
The third and final element of the three-prong burden placed on a father objecting to the voluntary surrender of his biological child is proof of fitness as a parent. Under La. Ch. Code art. 1103(5):
"Parental fitness" means:
(a) That a parent has not abused the child. For purposes of this Subparagraph, abuse means the infliction of physical or mental injury which causes deterioration to the child, sexual abuse, exploitation, or overworking of a child to such an extent that his health or moral or emotional well-being is endangered.
(b) That a parent has consistently offered to provide reasonably necessary food, clothing, appropriate shelter, or treatment for the child. For purposes of this Subparagraph, treatment means medical care or other health services provided in accordance with the tenets of a well-recognized religious method of healing with a reasonable, proven record of success.
(c) That a parent suffers from no medical or emotional illness, mental deficiency, behavior or conduct disorder, severe physical disability, substance abuse, or chemical dependency which makes him unable or unwilling to provide an adequate permanent home for the child at the present time or in the reasonably near future based upon expert opinion or based upon an established pattern of behavior.
(d) Viewed in its entirety, the parent's past or present conduct, including his criminal convictions, would not pose a risk of substantial harm to the physical, mental, or emotional health of the child.
The child, the mother of the child, and the legal custodian may offer rebuttal evidence, and the juvenile court also shall accept evidence concerning the best interests of the child, which is the primary consideration. La. Ch. Code art. 1138C.
The first element, acknowledgment of paternity, is not in dispute. Subsequent to the filing of the motion to approve A.M.B.'s voluntary act of surrender, a court ordered paternity test confirmed R.L.K. is the biological father of O.M.B., and R.L.K. filed a formal act of acknowledgment in the Putative Father Registry. R.L.K. also readily acknowledged he is O.M.B.'s father throughout these proceedings.
The remaining two elementswhether R.L.K. has manifested a substantial commitment to his parental responsibilities and is a fit parent of O.M.B.are highly contested. The trial court heard extensive testimony and considered numerous pieces of evidence.
The trial court's assessment of a father's burden of proof under Article 1138 is subject to the manifest error standard of review. In re A.J.F., XXXX-XXXX (La. 6/30/00), 764 So.2d 47, 60-61. Under the manifest error standard of review, the appellate court should not substitute its opinion for that of the juvenile court judge. A.J.F., 764 So.2d at 62. The juvenile court judge is in the unique position to see and hear the witnesses as they testify and to observe the nuances of demeanor evidence that is not revealed in a record. A.J.F., 764 So.2d at 62. Where there is conflicting testimony, reasonable evaluations of credibility and inferences of fact should not be disturbed on appellate review. A.J.F., 764 So.2d at 61. Similarly, where there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840, 844 (La. 1989). If the trial court's findings are reasonable in light of the entire record, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact it would have weighed the evidence differently. Rosell, 549 So.2d at 844.
Prior to rendering judgment, the juvenile court provided extensive reasons in support of its judgment, providing a clear recitation of the conclusions and inferences drawn from the facts of this case. The juvenile court concluded that O.M.B. had a "significant bond" with R.L.K. prior to O.M.B. being absented away by A.M.B. and that R.L.K. met his three-fold burden under Article 1138. Accordingly, R.L.K. established his parental rights, and O.M.B. could not be adopted without R.L.K.'s consent.
After a thorough review of the record and relevant jurisprudence, we find no manifest error in the juvenile court judgment. We also find that the juvenile court judge's reasons for judgment adequately explain the decision. We affirm the juvenile court judgment by summary disposition in accordance with Uniform Rules-Courts of Appeal, Rule 2-16.2(A)(2), (5), (6), and (8). The answer to the appeal is denied. Costs of this appeal are assessed against the appellants, J.M.C. and M.A.C.
AFFIRMED.